1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JACQUERE J. DORAN,                         No.  2:22-cv-2040 KJN P

12                      Petitioner,

13          v.                                  ORDER

14   WARDEN, FCI-HERLONG,

15                      Respondent.

16

17          Petitioner is a federal prisoner, proceeding pro se, with an application for writ of habeas

18   corpus pursuant to 28 U.S.C. § 2241.  All parties consented to the jurisdiction of a United States

19   Magistrate Judge for all proceedings pursuant to 28 U.S.C. § 636(c)(1).  (ECF No. 15.)  Petitioner

20   seeks an order directing application of earned time credits under the First Step Act ("FSA").

21   Respondent's motion to dismiss is before the court.

22          As discussed below, respondent's motion is granted.

23   Background

24          Petitioner is an inmate currently housed at the Federal Correctional Institution -- Herlong.

25          In April of 2019, in the Eastern District of Missouri, petitioner pled guilty to being a felon

26   in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  (ECF No. 18-1 at 2-29.)

27          Petitioner was sentenced to serve 96 months in federal custody.  (ECF No. 18-1 at 14-21.)

28   ////

Bureau of Prisons ("BOP") records reflect that petitioner's projected release date is May 29, 2025, assuming he receives good conduct credit.[1]  (ECF No. 18-1 at 31-32.)  Respondent confirms that under the FSA, petitioner has earned twelve months of earned time credits.

The Petition

In his first claim, petitioner alleges respondent unlawfully and secretly refuses to apply petitioner's earned time and vested diminution credits that reduce his custody where federal law established a mandatory new early release date.  (ECF No. 10 at 5.)  In his second claim, petitioner contends the BOP is improperly denying him FSA time credits.  (ECF No. 10 at 6.)  To date, petitioner has earned 407 days of FSA credits, which would reduce his prison release date by one year, and 42 days would be credited towards residential reentry center ("RRC") placement.  Petitioner also claims that after filing the instant petition, he was informed that the BOP instituted a new policy which implemented factors not included in the initial BOP program statement.  (ECF No. 10 at 10.)  Such new policy provided for the disallowance of FSA earned time credits for a variety of reasons; for example, if a prisoner received a 100 or 200-level incident report within the prior three years, application of FSA earned time credits could be denied.  Petitioner argues that the new policy and procedure violates the Due Process and Ex Post Facto Clauses.  Petitioner contends that by enacting the FSA, Congress granted inmates a liberty interest in early release, and the BOP was required to provide inmates prior notice of what prohibited conduct would result in such deprivation.  (ECF No. 10 at 11.)  Petitioner seeks an order requiring the BOP to apply his earned FSA time credits toward his projected release date and RRC placement.

Motion to Dismiss

Under Rule 4, if a petition is not dismissed at screening, the court "must order the respondent to file an answer, motion, or other response" to the petition.  R. Governing 2254 Cases 4.  A motion to dismiss a petition for writ of habeas corpus is construed as a request for the court

---

[1]  This date was as of March 30, 2023, the date petitioner's report was run by the BOP.  (ECF No. 18-1 at 31.)

1    to dismiss under Rule 4 of the Rules Governing Section 2254 Cases. O'Bremski v. Maass, 915

2    F.2d 418, 420 (9th Cir. 1990). Under Rule 4, a district court must dismiss a habeas petition if it

3    "plainly appears" that the petitioner is not entitled to relief. See Valdez v. Montgomery, 918 F.3d

4    687, 693 (9th Cir. 2019); Boyd v. Thompson, 147 F.3d 1124, 1127 (9th Cir. 1998).

5            Respondent's Position

6            Respondent argues that this court lacks jurisdiction because petitioner lacks Article III

7    standing, his claims are not ripe, and he fails to state a claim under law. First, petitioner is barred

8    from demanding discretionary earned time credits application because his high risk recidivism

9    risk score makes him ineligible. Second, because of the discretionary nature of the FSA earned

10   time credits and the statutory discretion the BOP has to assess both credits and goal achievement,

11   there is no "case or controversy," petitioner has no standing and there is no ripe dispute for the

12   court to adjudicate. (ECF No. 18 at 4.) Consistent with the FSA and the requirements for use of

13   earned time credits under the FSA, the BOP refuses to apply the discretionary earned time credits

14   because petitioner has a recidivism risk score of high, which renders petitioner ineligible to

15   receive such credits. (ECF No. 18-1 at 37.) Third, petitioner fails to "provide case and

16   controversy as to what he disputes as to BOP discretionary ineligibility (high risk) assessment."

17   (ECF No. 18 at 5.) This court may not review the BOP's discretionary high risk assessment, and

18   the claim is not yet ripe because petitioner has over two years remaining on his sentence. (ECF

19   No. 18 at 5.) Finally, "petitioner otherwise fails to state a claim under § 2241 for an order

20   compelling action entrusted by law . . . to BOP discretionary action." (ECF No. 18 at 6.)

21   Respondent contends petitioner's demands are speculative and fail to demonstrate any immediate

22   injury that would be redressed by the relief requested and would, in any event, "invade the

23   statutory mandated discretion of the BOP." (ECF No. 18 at 6.)

24           In support of the motion to dismiss, respondent submitted a declaration of Christopher

25   Liwag, the Sr. Correctional Programs Specialist with the BOP, who reviewed petitioner's prisoner

26   records. (ECF No. 18-1 at 31.) Mr. Liwag described the three-level administrative review

27   process available to federal inmates challenging BOP actions and confirms that petitioner filed

28   administrative remedies regarding the application of credits toward his sentence at each level,

which were denied based on petitioner's "ineligibility to apply time credits, for among other reasons, his recidivism risk score." (ECF No. 18-at at 32.) Mr. Liwag described the specific provisions of the First Step Act related to earned time credits for participation in Evidence Based Recidivism Reduction Programs ("EBRRs") and Productive Activities ("PAs"). (ECF No. 18-1 at 33.) Based on his high risk recidivism score, Mr. Liwag states that petitioner is not eligible to apply any FSA credits to petitioner's sentence. (ECF No. 18-1 at 37.)

Petitioner's Opposition

In opposition, petitioner first argues that "irrespective of the BOP having 'discretion whether to grant a federal prisoner applied FSA credits, petitioner should not be denied the earned time credits simply because his current recidivism risk score happens to be high." (ECF No. 21 at 2.) Petitioner contends he has done everything in his power to reduce his recidivism risk score and his efforts meet the requirements that he make a good faith effort to lower the score. (ECF No. 21 at 3) (citing 18 U.S.C. §§ 3632(d)(4)(C), 3624(g).) Petitioner states he has no control over how fast the BOP calculates his participation and recidivism score and contends the BOP should exercise its discretion in a fair and equitable manner.

Second, petitioner argues that he could be transferred to a re-entry center (halfway-house) based on his earned FSA credits and current BOP policies/procedures, yet the BOP refuses to do so. Petitioner has secured employment and could start work immediately upon his release to an RRC. (ECF No. 21 at 4.)

Respondent did not file a reply.

Failure to State a Claim

The First Step Act ("FSA") was enacted on December 21, 2018, and implemented a number of prison and sentencing reforms, including computation of good time credits, reducing and restricting mandatory minimum sentences, safety valve eligibility, retroactive application of the Fair Sentencing Act, and the availability of early release. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

Pursuant to 18 U.S.C. § 3632, the United States Department of Justice ("DOJ") published the risk and needs assessment system on July 19, 2019. Press Release, U.S. Dep't of Just.,

Department of Justice Announces the Release of 3,100 Inmates Under First Step Act, Publishes

Risk And Needs Assessment System (July 19, 2019), <https://www.justice.gov/opa/pr/

department-justice-announces-release-3100-inmates-under-first-step-act-publishes-risk-and> (last

visited Sept. 8, 2023).  Prisoners "who successfully complete[ ] evidence-based recidivism

reduction programming or productive activities" "shall earn 10 days of time credits for every 30

days of successful participation." 18 U.S.C. § 3632(d)(4)(A) (emphasis added).  In addition, a

prisoner assessed "to be at a minimum or low risk for recidivating, who, over 2 consecutive

assessments, has not increased their risk of recidivism, shall earn an additional 5 days of time

credits for every 30 days of successful participation in evidence-based recidivism reduction

programming or productive activities."  18 U.S.C. § 3632(d)(4)(A)(ii) (emphasis added).

The statute limits the application of those time credits as follows:

> Application of time credits toward prerelease custody or supervised release. --Time credits earned under this paragraph by prisoners who successfully participate in recidivism reduction programs or productive activities shall be applied toward time in prerelease custody or supervised release.  The Director of the Bureau of Prisons shall transfer eligible prisoners, as determined under section 3624(g), into prerelease custody or supervised release.

18 U.S.C. § 3632(d)(4)(C) (emphasis added).

Section 3624(g) sets forth which inmates can be considered "eligible" for application of

earned time credits:

> (g) Prerelease custody or supervised release for risk and needs assessment system participants.--
>
> (1) Eligible prisoners.--This subsection applies in the case of a prisoner (as such term is defined in section 3635) who--
>
> (A) has earned time credits under the risk and needs assessment system developed under subchapter D (referred to in this subsection as the "System") in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment;
>
> (B) has shown through the periodic risk reassessments a demonstrated recidivism risk reduction or has maintained a minimum or low recidivism risk, during the prisoner's term of imprisonment;
>
> (C) has had the remainder of the prisoner's imposed term of imprisonment computed under applicable law; and

1

(D) (i) in the case of a prisoner being placed in prerelease custody, the prisoner--

2

3

(I) has been determined under the System to be a minimum or low risk to recidivate pursuant to the last 2 reassessments of the prisoner; or

4

5

(II) has had a petition to be transferred to prerelease custody or supervised release approved by the warden of the prison, after the warden's determination that--

6

7

(aa) the prisoner would not be a danger to society if transferred to prerelease custody or supervised release;

8

9

(bb) the prisoner has made a good faith effort to lower their recidivism risk through participation in recidivism reduction programs or productive activities; and

10

(cc) the prisoner is unlikely to recidivate; or

11

12

(ii) in the case of a prisoner being placed in supervised release, the prisoner has been determined under the System to be a minimum or low risk to recidivate pursuant to the last reassessment of the prisoner.

13

14

18 U.S.C. § 3624(g) (emphasis added).

15

Therefore, while the statute permits petitioner to earn time credits under the FSA, it does

16

not allow for the application of those time credits in his case, because the statute limits eligibility

17

to those inmates who pose a minimum to low risk of recidivism.  As petitioner has been assessed

18

at high risk of recidivating, he is statutorily ineligible for application of earned time credits.

19

Respondent is also correct that this determination is solely within the discretion of the BOP.  As a

20

matter of law, 34 U.S.C. § 60541(g) grants to the Attorney General the discretion to release

21

certain prisoners to serve the latter part of their sentence on home confinement.  Petitioner has no

22

constitutional right to relief that is purely discretionary.  Connecticut Bd. of Pardons v. Dumschat,

23

452 U.S. 458, 465 (1981) ("In terms of the Due Process Clause, a . . . felon's expectation that a

24

lawfully imposed sentence will be commuted or that he will be pardoned is no more substantial

25

than an inmate's expectation, for example, that he will not be transferred to another prison; it is

26

simply a unilateral hope.")  Petitioner's reliance on the Ex Post Facto Clause is also unavailing

27

because the FSA did not increase the length of petitioner's sentence, and it did not remove any

28

credits petitioner already earned.

6

Petitioner fails to establish a statutory or constitutional right to application of earned time credits, and therefore fails to state a claim for relief.

Conclusion

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Respondent's motion to dismiss (ECF No. 18) is granted;

2.  This action is dismissed; and

3.  The Clerk of the Court is directed to enter judgment and close the case.

Dated:  September 27, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/dora2040.mtd.2241

7